IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| **RONALD SATISH EMRIT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No.: 3:23-cv-00017 |
| | ) |
| **UNIVERSITY OF VIRGINIA** | ) |
| **DARDEN SCHOOL OF BUSINESS,** | ) |
| *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

Plaintiff, Ronald Emrit, proceeding *pro se*, filed this action against the University of Virginia Darden School of Business ("the School of Business"), Adams & Garth, the National Association for the Advancement of Colored People ("NAACP"), the Equal Employment Opportunity Commission ("EEOC"), and the Department of Justice ("DOJ") alleging violations of the Americans with Disabilities Act of 1990 ("ADA"), the Equal Protection and Due Process Clauses, the Privileges and Immunities Clause, and the Civil Rights Act of 1964 and alleging state law claims for invasion of privacy through false light, defamation, negligence, and intentional infliction of emotional distress.[1] Emrit also filed a motion for leave to proceed *in forma pauperis*, Dkt. 1, but because the Court does not have jurisdiction, I **DISMISS** this action.

I note at the outset that "Emrit has filed no fewer than *200* civil actions in federal district courts since 2013, and the Middle District of Florida has issued a 'Vexatious Litigant Order' in a case he filed there, barring Emrit from filing any new document in that district without first

---

[1] Emrit filed this exact action in the District of New Jersey, which was subsequently transferred to this Court. See Dkt. 4, 3:23-cv-00020 (W.D. Va.).

obtaining written approval of its Senior Magistrate Judge." Emrit v. Epic Med. Records, No. 18-cv-937-wmc, 2021 WL 5881976, at *1 (W.D. Wis. Dec. 13, 2021). In this district, Judge Moon has recently dismissed three of Emrit's cases for failure to state a claim. Emrit v. PNC Bank, No. 3:21-cv-00029 (W.D. Va. Feb. 16, 2022); Emrit v. Cent. Intelligence Agency, No. 3:22-cv-00009 (W.D. Va. Mar. 7, 2022); Emtri v. Bd. of Immigration Appeals, et al., No. 3:22-cv-00008 (W.D. Va. Apr. 8, 2022).

Emrit's factual allegations relate to events which allegedly occurred in 2009 when his friend, Ashley Williams, worked at the University of Virginia Darden School of Business and was employed by Adams & Garth, a temporary staffing agency. Dkt. 2 at 5. At some point during that year, the School of Business "banned" Williams "after she was passing out business cards on lunchtime regarding her modeling agency d/b/a A Taste of Honey Media Group." Apparently, Emrit believes that the School of Business thought "that she was an escort or prostitute[.]" Id. at 6. Emrit states that "[a]lthough this cause of action is related to events that occurred to the plaintiff's friend . . . , the plaintiff believes that he has the standing, causation, and redressability to bring this cause of action not on behalf of his friend as co-plaintiff but under the 'legal fiction' substantially similar to the doctrine of transferred intent[.]" Id. at 2. Emrit also states that he and Williams "would presumably be part of a certified class of discrete and insular minorities which have experienced invidious discrimination within the context of American jurisprudence[.]" Id. at 2–3.

Emrit seeks $45,000,000 in "punitive, compensatory, treble, actual, presumed, and special damages for the defendants' commission of the tort of negligence in addition to a violation of . . . 'black letter law' provisions of federal law[.]" Id. at 13. Emrit also seeks an injunction requiring that Williams receive a full-time position of employment at the School of

Business and that Emrit receive a position of employment as a disabled law professor at the School of Business or the University of Virginia Law School. Id. at 13–14.

As a threshold matter, this Court may evaluate the basis for subject matter jurisdiction at any time during the pendency of an action. See Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (quoting Ex parte McCardle, 7 Wall. 506, 514 (1868)). The Fourth Circuit recently expounded on this proposition, stating that "it is incumbent on a court to evaluate its jurisdiction at the outset, lest it inadvertently breach the 'bounds of authorized judicial action.'" Hensley v. City of Charlotte, No. 21-2308, 2023 WL 1990298, at *2 (4th Cir. Feb. 14, 2023) (quoting Steel Co., 546 U.S. at 94). Further, the Federal Rules of Civil Procedure mandate that the court dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). The plaintiff bears the burden of establishing subject matter jurisdiction. See Demetres v. East West Constr., Inc., 776 F.3d 271, 272 (4th Cir. 2015).

Article III of the United States Constitution limits the jurisdiction of federal courts to certain "Cases" and "Controversies." U.S. Const. art. III, § 2. "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." Clapper v. Amnesty Int'l USA, 568 U.S. 398, 408 (2013) (internal quotation marks and citations omitted). "Thus, Article III standing is a 'subject matter jurisdiction issue.'" Mejico v. Alba Web Designs, LLC, 515 F. Supp. 3d 424, 430 (W.D. Va. 2021) (Conrad, J.) (quoting Beyond Sys., Inc. v. Kraft Foods, Inc., 777 F.3d 712, 715 (4th Cir. 2015)).

To possess standing to sue, "a plaintiff must allege that they have: '(1) suffered an injury-in-fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Hutton v. Nat'l Bd. of Exam'rs in Optometry, Inc., 892 F.3d 613, 619 (4th Cir. 2018) (quoting Spokeo, Inc. v. Robins, 578 U.S. 330 (2016)). An injury-in-fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted). "Further, the injury must be causally connected to the conduct complained of and it must be likely, not just speculative, that the injury will be redressed by a favorable decision from the court." Oryn Treadway Sheffield, Jr., Trust v. Consolidation Coal Co., 819 F. Supp. 2d 625, 628 (W.D. Va. 2011) (Jones, J.).

Here, Emrit has failed to allege an injury-in-fact. Emrit argues that the alleged discrimination against Williams violated federal law and Virginia common law. However, he has failed to allege that he suffered an injury to any legally protected interest which is concrete and particularized and actual or imminent. In fact, he has alleged no injury at all. Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. It follows that the motion to proceed *in forma pauperis* is **DENIED** as moot.

It is so **ORDERED**.

Entered:  July 6, 2023

*Robert S. Ballou*

Robert S. Ballou
United States District Judge